Kimberly SYLVESTER, et al., Plaintiffs,

v.

CIGNA CORPORATION,
et al., Defendants.

Civ.A. No. 03–CV–176–P–S.

United States District Court,
D. Maine.

Jan. 26, 2005.

Gregory Paul Hansel, Randall B. Weill, Robert O. Newton, William Charles, Moorhouse, Preti, Flaherty, Beliveau, Pachios & Haley, LLC, Portland, ME, L. Susan Foxworth, T. English McCutchen, William E. Hopkins, Jr., McCutchen Blanton, Johnson & Barnette, Columbia, SC, W. Jones Andrews, Jr., Law Office of W. Jones Andrews, Jr., for Plaintiffs.

Clifford Ruprecht, John J. Aromando, Pierce, Atwood LLP, Portland, ME, for Defendants.

## ORDER GRANTING PRELIMINARY APPROVAL OF AMENDED SETTLEMENT AND APPROVING THE FORM AND MANNER OF NOTICE OF AMENDED SETTLEMENT

SINGAL, Chief Judge.

At the January 24, 2005 hearing in this matter, Plaintiffs moved for preliminary approval of the amended settlement (the "Settlement") set forth in the Settlement Agreement dated July 23, 2004 (the "Agreement") and the Amendment to Settlement Agreement (as revised, executed by the Parties and which was submitted to the Court on January 25, 2005) (the "Amendment").

WHEREAS the action entitled *Sylvester et al. v. CIGNA Corporation et al.,* Docket No. 03–CV–176–P–S, was filed, on behalf of a Class pursuant to Rule 23 of the Federal Rules of Civil Procedure on July 15, 2003 ("the Class Action Litigation");

WHEREAS this Court has jurisdiction over the Class Action Litigation pursuant to 28 U.S.C. § 1331, because Plaintiffs and the Class make claims under the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. §§ 1001 et seq., and under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961 et seq.;

WHEREAS this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to non-federal claims;

WHEREAS the parties to the Class Action Litigation entered into the Agreement and the Amendment after extensive negotiations that commenced in February of 2004 during discovery and prior to the filing of Plaintiffs' Motion for Certification of the Class;

WHEREAS the Agreement and Amendment contemplate that a Class encompassing the putative class in the Class Action Litigation shall be certified by this Court for the purposes of settlement;

WHEREAS Plaintiffs have filed the Second Amended Complaint;

WHEREAS the Settlement Agreement requires Defendants to create a settlement fund of $3,400,000 in the aggregate for payments to Class Members as defined in the Agreement and the Amendment and for certain other payments to effectuate the Settlement as also defined in the Agreement and the Amendment;

WHEREAS counsel for the Plaintiffs and the Class in the Class Action Litigation are authorized to act on behalf of the Class Members in such actions with respect to all acts and consents required by, or which may be given pursuant to, the Settlement or such other acts which are reasonably necessary to consummate the settlement;

WHEREAS the Court has considered the Agreement and the Amendment, all exhibits attached thereto, and all of the pleadings, papers, and filings herein and conducted a preliminary approval hearing with respect to the Settlement as amended on January 24, 2004; and

WHEREAS the terms used herein shall have the same meaning as defined in the Agreement and Amendment, which are incorporated herein by reference; and

WHEREAS good cause appearing therefor,

**IT IS ORDERED AS FOLLOWS:**

1. The Court finds, for purposes of settlement only, that the Class as defined in the Settlement Agreement satisfies the criteria of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and therefore orders that the Settlement Class be certified under Federal Rules 23(b)(3) as follows:

All Health Plan Members who, at any time between January 1, 1986 and December 31, 1997, made payments to medical product or service providers under a percentage coinsurance plan, where an agreement existed between any of the Defendants and the provider to accept a Discounted Fee and where that Defendant did not use that Discounted Fee in calculating the Health Plan Member's coinsurance payment as required by the Health Plan (the "Class"). The Class does not include: (1) Health Plan Members whose claims have already been resolved in the Court-approved class action settlements in *Lecza v. Healthsource, Inc. et al.*, Civil Action No. C–95–382–JRM, U.S. District Court, District of New Hampshire or *Garvin v. CIGNA Healthsource of South Carolina, Inc.*, Civil Action No. 94–CP–40–3472, South Carolina Court of Common Pleas, Richland County; and (2) those individuals who hold or have held any executive position at Healthsource, and their immediate families.

Specifically, pursuant to Federal Rule 23, the Court finds that: (i) the Class is so numerous that joinder of all members is impracticable; (ii) there are questions of law or fact common to the Class; (iii) the claims or defenses of the representative parties are typical of the claims or defenses of the Class; and (iv) the representative parties will fairly and adequately protect the interests of the Class. The Court further finds that the prosecution of individual actions would create a risk of inconsistent or varying adjudications to the detriment of the Defendants and that adjudications with respect to individual members of the Class would be dispositive of the interests of other members of the Class. The Class representatives shall be Kimberly Sylvester, Lisa Steinbeiser–Maurer, Carolee Lindsey, Roger Cromwell, Jennifer Byrd, Janice Bayne, Robin Mitchum, and Gladys Hall as Personal Representative of the Estate of David Hall. The Court further finds that Counsel for the Class are experienced and qualified to represent Plaintiffs and the Class.

Class representatives are hereby conditionally certified as representatives of the Class defined above and Class Counsel are hereby conditionally approved as counsel for the Class defined above. This conditional certification and approval of the Class, Class representatives and Class Counsel is solely for purposes of effectuating the proposed Settlement. If the Agreement and Amendment are terminated or are not consummated for any reason, the foregoing conditional certification of the Class and appointment of Class representatives and Class Counsel shall be void and of no further effect and the parties to the proposed Settlement shall be returned to the status quo each occupied before execution of the Agreement without prejudice to any legal argument that any of the parties to the Agreement and Amendment might have asserted but for the Agreement and Amendment.

2. The Court hereby preliminarily approves the proposed settlement set forth in the Agreement and Amendment as fair, reasonable, and adequate to the Class, subject to the Court's further review of the proposed settlement at the Fairness Hearing scheduled for April 28, 2005 at 9:00 a.m. in Courtroom One of this Court.

3. Pending resolution of the settlement proceedings, the Court hereby asserts jurisdiction over the Class Members for the purposes of effectuating this settlement and releasing their claims.

4. Pending resolution of these settlement proceedings, no Class Member shall commence or prosecute, either directly or through another person or entity, any action or proceeding in any court or tribunal asserting any of the settled claims against any Defendant or other released party.

5. The Agreement and Amendment do not constitute an admission, concession, or indication by Defendants of the validity of any claims in this Class Action or of any wrongdoing, liability, or violation of law by Defendants.

6. Having considered the manner of giving notice to Class Members, as described in

the Agreement and Amendment, the Court finds that the notice to be given in the form and manner provided is the best means of notice to members of the Class that is practicable in the circumstances and, when completed, shall constitute due and sufficient notice of the proposed settlement and the Hearing to all Persons affected by and/or entitled to participate in the proposed Settlement or the Hearing, in full compliance with the constitutional requirements of due process and of the Federal Rules of Civil Procedure, including Rules 23(c)(2) and (3) and 23(e). The Notice of Amended Settlement of Class Action (Attachment 1 to Exhibit A to Amendment to Settlement Agreement, as revised and submitted to the Court on January 26, 2005) and publication notice (Attachment 3 to Exhibit A to Amendment to Settlement Agreement as revised and submitted to the Court on January 26, 2005) are approved by this Court. The Settlement Administrator shall send, by first class mail, the Notice of Amended Settlement of Class Action by no later than February 14, 2005 and shall send a reminder postcard 21 days thereafter. The Settlement Administrator shall cause to be published in U.S.A. Today the publication notice on or before February 28, 2005. All valid claim forms postmarked by March 31, 2005 shall be deemed timely.

7. On April 28, 2005 at the hour of 9:00 A.M., (EST) or as soon thereafter as counsel may be heard, in Courtroom One of the United States District Court for the District of Maine, 156 Federal Street, Portland, Maine, a Fairness Hearing conducted by this Court will be held to consider Plaintiffs' Motion for Class Certification and Final Settlement Approval, Plaintiffs' Motion for Approval of Amended Settlement Agreement and Notice Plan, as supplemented, Class Counsel's Application for Award of Attorneys' Fees and Reimbursement of Cost Disbursements and Incorporated Memorandum of Law, as supplemented, Defendants' Memorandum in Opposition to Plaintiffs' Counsel's Request for Attorney Fees, Defendants' Response to Plaintiffs' Supplemental Motion for Attorney Fees and Reimbursement of Cost Disbursements of Class Counsel, the final report of the Settlement Administrator and request for approval of expenses of Settlement Administration, and to determine any and all remaining issues in this case, including whether to enter final judgment and dismissal with prejudice of all of the Settled Claims of the Class Representatives and the Class Members against the Defendants. A transcript will be made of the hearing.

8. Counsel shall file with this Court any additional or updated materials in support of the Settlement, as amended, at least ten (10) days prior to the Fairness Hearing, which is currently scheduled for April 28, 2005.

9. The Fairness Hearing, and all dates provided for herein, may from time to time, and without further notice to the Class, be continued or adjourned by order of the Court.

10. In the event that the Settlement does not become effective in accordance with the terms of the Agreement and the Amendment, or the Settlement is not finally approved, or is terminated, canceled, or fails to become effective for any reason, this order shall be rendered null and void and shall be vacated, and the parties shall revert to their respective positions as of March 4, 2004.

**SO ORDERED.**